UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HALLMARK INSURANCE COMPANY,

        Plaintiff,

v.                                                  Case No:   6:16-cv-2063-Orl-37GJK

MAXUM CASUALTY INSURANCE
COMPANY,

        Defendant.

_____

REPORT AND RECOMMENDATION

        This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**        **PLAINTIFF'S MOTION TO STRIKE DEFENDANT, MAXUM CASUALTY INSURANCE COMPANY'S AFFIRMATIVE DEFENSES (Doc. No. 54)**
>
> **FILED:**        **April 28, 2017**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

I.        **FACTUAL BACKGROUND**

        The parties are two insurance companies who shared a common insured party, Southern Pride Transport, Inc. ("Southern Pride"). Doc. No. 10 at 2. The following facts are taken from the amended complaint. Doc. No. 10. Defendant is Southern Pride's primary insurer and Plaintiff is an excess insurer. *Id.* at 2. On or about February 8, 2013, an accident occurred between Andrea Salickram and Travis Crawford, a driver who worked for Southern Pride. *Id.* Ms. Salickram twice sought to settle the case with Defendant, but it refused. *Id.* at 3-4. Defendant also failed to notify

Plaintiff of Ms. Salickram's prior settlement attempts. *Id.* Defendant did not notify Plaintiff of Ms. Salickram's lawsuit until April 11, 2016, five days after she made a third offer to settle the case for $2,500,000. *Id*. Ms. Salickram's lawsuit eventually settled for $2,400,000, with Ms. Salickram receiving $1,000,000 from Defendant and $1,400,000 from Plaintiff. *Id*. at 5. On October 17, 2016, Plaintiff filed the amended complaint against Defendant, alleging that it acted in bad faith when it failed to settle Ms. Salickram's claim earlier. *Id.* at 5-7. Plaintiff seeks recovery of the $1,400,000 it paid to Ms. Salickram under equitable subrogation. *Id.* at 7.

On November 22, 2016, Defendant filed a motion to dismiss (the "Motion to Dismiss") arguing, *inter alia*: 1) Plaintiff does not have standing to bring suit; and 2) Plaintiff fails to state a claim because the common insured, Southern Pride, suffered no damages as a result of Defendant's alleged bad faith. Doc. No. 15 at 1, 19-22. On March 21, 2017, U.S. District Judge Roy B. Dalton, Jr. denied the Motion to Dismiss, finding that: 1) Plaintiff has standing to assert its common law bad faith claim; and 2) Plaintiff properly asserts a common law bad faith claim. Doc. No. 43 at 5-8. On April 10, 2017, Defendant filed its answer, asserting twenty-four affirmative defenses. Doc. No. 47 at 5-8.

On April 28, 2017, Plaintiff filed a motion to strike certain affirmative defenses (the "Motion"). Doc. No. 54. Plaintiff argues that: 1) Judge Dalton essentially rejected affirmative defenses one, two, and three when he denied the Motion to Dismiss; 2) affirmative defenses four, five, six, nine, ten, twelve, fifteen, seventeen, and twenty-two are not affirmative defenses; and 3) affirmative defenses seven, eight, eleven, and twenty-three are conclusory. *Id.* at 3. On May 11, 2017, Defendant filed its response to the Motion. Doc. No. 58.

## II.     APPLICABLE LAW

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." *Royal Palm Sav. Ass'n. v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla. 1989). Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002). As such, a party must "state in short and plain terms its defenses to each claim asserted against it[.]" Fed. R. Civ. P. 8(b)(1)(A).

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* However, when the Court finds that an affirmative defense is actually a specific denial, the Court will generally treat the affirmative defense as a specific denial rather than striking it. *See Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, Case No. 8:08-cv-1048-T-24EAJ, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008).

A motion to strike is subject to the Court's discretion. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp. 992, 1000 (M.D. Fla. 1976). However, motions to strike are generally disfavored due to their drastic nature. *Thompson v. Kindred Nursing Ctrs., East, LLC*, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)).[1] As such, courts will only strike affirmative defenses in limited situations, such as when an affirmative defense is insufficient as a matter of law. "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp.*, 211 F.R.D. at 683. *See also McGlothan v. Walmart Stores, Inc.*, Case No. 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, at *1 (M.D. Fla. Jun. 14, 2006) (stating that an affirmative defense is invalid as a matter of law if it does not meet the general pleading requirements of Federal Rule of Civil Procedure 8). Also, an affirmative defense may be stricken if it has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla. 1995). However, where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Id.* (citing *Augustus*, 306 F.2d at 868).

## III.    ANALYSIS

### A.  Affirmative Defenses One, Two, and Three

Defendant's first affirmative defense states:

> [Plaintiff] lacks standing to sue [Defendant] for common law bad faith, and accordingly, the Court does not have subject matter jurisdiction over this matter.

Doc. No. 47 at 5. Thus, Defendant argues that Plaintiff lacks standing and, as a result, the Court lacks subject matter jurisdiction. *Id.*

Defendant's second affirmative defense states:

> [Plaintiff] fails to state a valid cause of action for common law bad faith against [Defendant] under Florida law.

*Id.* Thus, Defendant argues that Plaintiff fails to state a valid cause of action for common law bad faith. *Id.*

Defendant's third affirmative defense states:

> [Plaintiff's] action fails as a matter of law because Southern Pride has not been damaged. Specifically, there is no excess judgment against Southern Pride or any out-of-pocket expenses incurred by Southern Pride. Furthermore, [Plaintiff] voluntarily agreed to pay $1,400,000 to settle the underlying action.

*Id.* Thus, Defendant argues that Plaintiff's bad faith claim fails as a matter of law because Southern Pride has not suffered damages. *Id.* Defendant also argues that Plaintiff waived or released its claim when it voluntarily agreed to pay $1,400,000 to settle Ms. Salickram's claim. *Id.* Plaintiff argues that Judge Dalton essentially rejected affirmative defenses one, two, and three when he denied the Motion to Dismiss. Doc. No. 54 at 3. Defendant argues that such affirmative defenses should not be stricken because: 1) the portion of Judge Dalton's order regarding Plaintiff's standing is subject to a pending certification for interlocutory appeal; and 2) subject matter jurisdiction can be challenged at any time, and thus Defendant should be able to preserve the aforementioned affirmative defenses.[2] Doc. No. 58 at 6-7.

Defendant's first affirmative defense states that Plaintiff lacks standing and, as a result, the Court lacks subject matter jurisdiction. Doc. No. 47 at 5. Federal Rule of Civil Procedure 12(b)(1) states that such defense is to be raised in a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(1). Here, Defendant properly asserted such a defense in the Motion to Dismiss. Doc. No. 15 at 21. Despite Judge Dalton's finding that Plaintiff has standing to bring a common law bad faith claim, the undersigned does not find Defendant's first affirmative defense to be "redundant, immaterial, impertinent, or scandalous" to warrant striking it. *See* Fed. R. Civ. P. 12(f). Accordingly, the undersigned recommends that the Court decline to strike Defendant's first affirmative defense.

---

[2] On May 8, 2017, Judge Dalton denied Defendant's certification for interlocutory appeal. Doc. No. 57.

Defendant's second affirmative defense states that Plaintiff fails to state a cause of action for common law bad faith. Doc. No. 47 at 5. Such a defense is not a true affirmative defense. Rather, it is a defense under Rule 12(b)(6) that points to an alleged defect in Plaintiff's claim. *See In Re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense"). Thus, Defendant's second affirmative defense is properly characterized as a specific denial rather than an affirmative defense. *Id.* When a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and not strike it. *See Premium Leisure, LLC*, 2008 WL 3927265 at \*3. The undersigned recognizes that Defendant asserted its second affirmative defense in the Motion to Dismiss, which Judge Dalton denied. Doc. No. 43. Nevertheless, the undersigned does not find such defense to be "redundant, immaterial, impertinent, or scandalous" to warrant striking it. *See* Fed. R. Civ. P. 12(f). Accordingly, the undersigned recommends that the Court deem Defendant's second affirmative defense as a specific denial.

Defendant's third affirmative defense contains two separate arguments. First, Defendant's third affirmative defense states that Plaintiff's bad faith claim fails as a matter of law because Southern Pride has not been damaged. Doc. No. 47 at 5. Such a statement is not a true affirmative defense, but instead points to an alleged defect in Plaintiff's common law bad faith claim. *See In Re Rawson Food Service, Inc.*, 846 F.2d at 1349 ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense"). Thus, the portion of Defendant's third affirmative defense alleging Southern Pride's lack of damages is properly characterized as a specific denial rather than an affirmative defense. *Id.* When a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and not strike it. *See Premium Leisure, LLC*, 2008 WL 3927265 at \*3. Thus, the undersigned recommends that the

Court deem Defendant's third affirmative defense as a specific denial to the extent that it states that Plaintiff's bad faith claim fails as a matter of law because Southern Pride has not suffered any damages.

Defendant's third affirmative defense also argues that Plaintiff's bad faith claim fails because Plaintiff voluntarily agreed to pay $1,400,000 to settle Ms. Salickram's claim. Doc. No. 47 at 5. The undersigned interprets such a statement as asserting the defenses of waiver or release, which are both affirmative defenses under Federal Rule of Civil Procedure 8(c). Fed. R. Civ. P. 8(c). While Defendant asserted the same argument in the Motion to Dismiss that was later denied, the undersigned does not find Defendant's third affirmative defense to be "redundant, immaterial, impertinent, or scandalous" to warrant striking it. *See* Fed. R. Civ. P. 12(f). Thus, the undersigned recommends that the Court decline to strike Defendant's third affirmative defense to the extent that it asserts the defenses of waiver or release.

### B. Affirmative Defenses Four, Five, Six, Nine, Ten, Twelve, Fifteen, Seventeen, and Twenty-Two

The following is a list of Defendant's fourth, fifth, sixth, ninth, tenth, twelfth, fifteenth, seventeenth, and twenty-second affirmative defenses:

> Fourth Affirmative Defense: At all material times and under the totality of the circumstances, [Defendant] acted in good faith in the handling, investigation, evaluation and settlement of the underlying action and exercised the same degree of care and diligence as a person of ordinary care and prudence would exercise in his or her own affairs in handling the claim and lawsuit by Salickram.

> Fifth Affirmative Defense: [Defendant] asserts that the alleged conduct on its part does not rise to the level necessary to sustain a claim of common law bad faith under Florida law, and accordingly, [Plaintiff] fails to state a claim upon which relief can be granted.

> Sixth Affirmative Defense: Negligence by an insurer in handling, investigating, evaluating, or settling a claim is insufficient as a matter of Florida law to constitute bad faith. Rather, bad faith

requires deliberate and wrongful conduct by the insurer resulting in putting the insurer's interests ahead of its insureds. [Defendant] did not engage in any such deliberate or wrongful conduct, and accordingly, [Plaintiff] cannot recover against [Defendant].

Ninth Affirmative Defense: Any duties owed by [Defendant] to Southern Pride are governed and limited by the terms and conditions of …[Defendant's] policy, and any portion of [Plaintiff's] claim that relies on a duty that is not expressly required by or provided in the [Defendant] policy fails to state a cause of action.

Tenth Affirmative Defense: At all material times, [Defendant] acted fairly and honestly and with due regard for the best interests of Southern Pride and [Plaintiff].

Twelfth Affirmative Defense: At all material times, [Defendant] acted in compliance with the Florida Insurance Code in its handling, investigation, evaluation, and settlement of Salickram's claim and the underlying action.

Fifteenth Affirmative Defense: [Defendant] asserts that liability for Southern Pride and Crawford in the underlying action was highly contested and a complete defense verdict was considered more than likely by defense counsel.

Seventeenth Affirmative Defense: [Defendant] asserts that, as soon as it learned of the existence of … [Plaintiff's] policy, [Defendant] and defense counsel provided [Plaintiff] with all of defense counsel's evaluations and reports. [Plaintiff] never articulated any disagreement with defense counsel's analysis of the underlying action, including Southern Pride's liability and the likelihood of a defense verdict.

Twenty Second Affirmative Defense: The damages alleged by [Plaintiff] were caused solely or partly and proximately by the conduct of other persons or entities that are not a party to this action. [Defendant] reserves the right to amend this affirmative defense with more specificity as discovery progresses.

Doc. No. 47 at 5-8. Plaintiff states that the aforementioned affirmative defenses are not true affirmative defenses. Doc. No. 54 at 3. The undersigned agrees. None of the aforementioned affirmative defenses admit to the Complaint's allegations. Doc. No. 47 at 5-8. Instead, these affirmative defenses point to alleged defects in Plaintiff's bad faith claim. *See In Re Rawson Food*

*Service, Inc.*, 846 F.2d at 1349 ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense"). Thus, the aforementioned affirmative defenses are properly characterized as specific denials rather than affirmative defenses. *Id.* When a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and not strike it. *See Premium Leisure, LLC*, 2008 WL 3927265 at \*3. Accordingly, the undersigned recommends that the Court deem Defendant's fourth, fifth, sixth, ninth, tenth, twelfth, fifteenth, seventeenth, and twenty-second affirmative defenses as specific denials.

## C. Affirmative Defenses Seven, Eight, Eleven, and Twenty-Three

The following is a list of Defendant's seventh, eighth, eleventh, and twenty-third affirmative defenses:

> Seventh Affirmative Defense: [Plaintiff's] claim is barred by the doctrines of accord, satisfaction, and settlement.
>
> Eighth Affirmative Defense: [Plaintiff's] claim is barred by the release executed by Salickram in the underlying action.
>
> Eleventh Affirmative Defense: [Plaintiff's] claim is barred in whole or in part by the doctrines of estoppel, waiver, and unclean hands.
>
> Twenty Third Affirmative Defense: [Plaintiff's] cause of action fails as a matter of law because [Plaintiff] failed to satisfy conditions precedent to suing [Defendant] for bad faith, including but not limited to [Plaintiff's] failure to comply with Section 624.155, Florida Statutes.

Doc. No. 47 at 6, 8. Plaintiff argues that the aforementioned affirmative defenses should be stricken because they "are conclusory and do not allege any facts supporting their applicability." Doc. No. 54 at 3. Defendant argues that the aforementioned affirmative defenses are not conclusory and provide Plaintiff with proper notice of the defenses based upon the release or waiver of Ms. Salickram's claim. Doc. No. 58 at 5-6.

As pled, Defendant's seventh and eleventh affirmative defenses do not provide proper notice that Defendant intends to challenge Plaintiff's bad faith claim based on the release from Ms. Salickram's claim. Doc. No. 47 at 6. The affirmative defenses only state legal doctrines and provide no facts in support of such defenses. *Id.* The Eleventh Circuit has held that Rule 8's purpose is "to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988). However, "merely asserting the nature of legal defenses does not meaningfully serve this purpose." *BioGin Biochemicals Co., Ltd. v. Pharma Science Nutrients, Inc.*, No. 1:15–cv–20322–UU, 2015 WL 3622286, at *1 (S.D. Fla. Apr. 3, 2015). *See also Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests"). Accordingly, the undersigned recommends that the Court strike Defendant's seventh and eleventh affirmative defenses with leave to amend because they do not contain any facts in support. In contrast, Defendant's eighth affirmative defense states facts in support of the defense, noting the release from Ms. Salickram's settlement with Southern Pride. Doc. No. 47 at 6. Thus, the undersigned recommends that the Court decline to strike Defendant's eighth affirmative defense.

Defendant's twenty-third affirmative defense, however, does not present sufficient facts showing that Plaintiff failed to perform conditions precedent. Federal Rule of Civil Procedure 9(c) states that whenever a party denies that a condition precedent has occurred, that party must make a particularized showing of such denial. Fed. R. Civ. P. 9(c). Here, Defendant's twenty-third affirmative defense states that Plaintiff "failed to satisfy conditions precedent to suing [Defendant]

for bad faith, including but not limited to [Plaintiff's] failure to comply with Section 624.155,

Florida Statutes." Doc. No. 47 at 8. Section 624.155(3) provides:

> (3)(a) <u>As a condition precedent to bringing an action under this
> section, the department and the authorized insurer must have been
> given 60 days' written notice of the violation.</u> If the department
> returns a notice for lack of specificity, the 60-day time period shall
> not begin until a proper notice is filed.
>
> (b) <u>The notice shall be on a form provided by the department and
> shall state with specificity the following information,</u> and such other
> information as the department may require:
>
> > 1. <u>The statutory provision, including the specific language
> > of the statute, which the authorized insurer allegedly
> > violated.</u>
> >
> > 2. <u>The facts and circumstances giving rise to the violation.</u>
> >
> > 3. <u>The name of any individual involved in the violation.</u>
> >
> > 4. <u>Reference to specific policy language that is relevant to
> > the violation, if any.</u> If the person bringing the civil
> > action is a third-party claimant, she or he shall not be
> > required to reference the specific policy language if the
> > authorized insurer has not provided a copy of the policy
> > to the third-party claimant pursuant to written request.

Fla. Stat. § 624.155(3) (emphasis added).[3] Thus, Section 624.155 requires a number of conditions

precedent including that: 1) the plaintiff give sixty-days' written notice to Florida's Department of

Financial Services ("DFS") and the insurer; 2) such notice shall be in the form provided by DFS;

and 3) such notice shall state the statutory provision that the insurer violated, the facts giving rise

to the violation, the name of any individual involved in the violation, and reference to specific

policy language that is relevant to the violation, if applicable. *Id.* In its answer, Defendant fails to

state which of the aforementioned conditions precedent Plaintiff failed to perform, and instead

generally cites to Section 624.155. Doc. No. 47 at 8. Accordingly, the undersigned recommends

---

[3] Section 624.05(1) defines "the department" as Florida's Department of Financial Services. Fla. Stat. §624.05(1).

that the Court strike Defendant's twenty-third affirmative defense with leave to amend because Defendant failed to comply with Rule 9(c).[4]

## IV.    CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Motion (Doc. No. 54) be **GRANTED IN PART** and **DENIED IN PART** as follows:

1) The Court should **STRIKE** Defendant's seventh, eleventh, and twenty-third affirmative defenses; and

2) The Court should provide Defendant leave to amend the stricken affirmative defenses within fourteen days after the Court issues an order on this report and recommendation; and

3) The Court should **DEEM** as specific denials:

   a.  Defendant's second, fourth, fifth, sixth, ninth, tenth, twelfth, fifteenth, seventeenth, and twenty-second affirmative defenses; and

   b.  Defendant's third affirmative defense to the extent that it states that Plaintiff's bad faith claim fails as a matter of law because Southern Pride has not suffered damages; and

4) Otherwise, the Court should **DENY** the Motion.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. A party's failure to file written

---

[4] The undersigned also questions whether Defendant's twenty-third affirmative defense is even applicable. Defendant states that Plaintiff failed to perform conditions precedent under Section 624.155. Doc. No. 47 at 8. Section 624.155 is a statutory cause of action. Fla. Stat. § 624.155. Plaintiff, however, never asserted its claim under Section 624.155. Instead, Plaintiff asserts a common law bad faith claim under an equitable subrogation theory. Doc. No. 10 at 5-7. Defendant should address this issue if it seeks to amend its twenty-third affirmative defense.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the report and recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 27, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy