UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HALLMARK INSURANCE
COMPANY,

        Plaintiff,

v.                                                    Case No. 6:16-cv-2063-Orl-37GJK

MAXUM CASUALTY INSURANCE
COMPANY,

        Defendant.

## ORDER

In this bad faith insurance action, Plaintiff is the excess insurer, and Defendant is the primary insurer. The parties dispute whether the primary insurer should be held liable for $1.4 million that was expended in excess of the primary policy limits to resolve a tort action against their insured. On December 13, 2017, the parties filed cross-motions for summary judgment (Docs. 123, 124), and Defendant filed a voluminous appendix of exhibits (Doc. 122 ("**Appendix**")). Plaintiff also filed an Unopposed Motion to file Defendant's "Claim Guidelines" under seal (Doc. 121 ("**Motion**")). The Motion states that it is brought "pursuant to" Local Rule 1.09(b) and U.S. Magistrate Judge Kelly's Order dated August 14, 2017 (Doc. 76 ("**Discovery Order**")). Neither reference supports the Motion.

The public has an undisputed interest in open court proceedings and records. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314–15 (11th Cir. 2001). With this interest in mind, Local Rule 1.09(b) establishes the following prerequisites for

sealing court records:

> (b) If filing under seal is authorized by statute, rule, or order (including an order requiring or permitting a seal and obtained pursuant to (a) of this rule), a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal Pursuant to [Statute, Rule, or Order]" and which includes (i) a citation to the statute, rule, or order authorizing the seal; (ii) an identification and description of each item submitted for sealing; (iii) a statement of the proposed duration of the seal; and (iv) a statement establishing that the items submitted for sealing are within the identified statute, rule, or order the movant cites as authorizing the seal. The movant shall submit to the Clerk along with a motion under this section each item proposed for sealing. Every order sealing any item pursuant to this section shall state the particular reason the seal is required and shall identify the statute, rule, or order authorizing the seal.

The title of the Motion does not include the words "Motion to Seal Pursuant to [Statute, Rule, or Order]." The body of the Motion references the Discovery Order, but it: (1) does not include "the proposed duration of the seal;" (2) does not describe the item to be sealed—"Maxum's Claim Guidelines"; and (3) omits a statement establishing that the Claim Guidelines are "within the" Discovery Order. (Doc. 121.) Although the Discovery Order permits Defendant to designate documents as "confidential," it also explicitly determined that the Defendant's trade secret privilege assertion was deficient. (*See id*. at 10–11.) The Discovery Order did *not* reference or authorize sealed filings based solely on a "Confidential" designation.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Unopposed Motion to Seal (Doc. 121) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 18, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record